IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT C. ADAMS, #K67019, | |
| Plaintiff, | Case No. 21-cv-00817-SPM |
| v. | |
| JOSHUA ASHMORE, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Robert Adams, an inmate of the Illinois Department of Corrections who is currently incarcerated at Western Illinois Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while at Shawnee Correctional Center ("Shawnee"). Adams claims he was written a false disciplinary ticket and placed in segregation in retaliation for writing a grievance and filing a lawsuit regarding prison staff. He seeks injunctive relief and compensatory damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Adams alleges that while he was housed at Shawnee, Correctional Officer Ashmore wrote

him a false disciplinary ticket and had him placed segregation for "trading or trafficking." Adams claims that Ashmore acted in retaliation against him for filing a grievance against Ashmore and other employees for prohibiting him from attending dayroom time. Adams also asserts that Ashmore retaliated against him because he filed a lawsuit against a fellow IDOC employee. Adams asserts that he was targeted by Ashmore, who did not write a ticket on other inmates or send other inmates to segregation. Ashmore also did not confiscate the "supposed 2 boxes of oatmeal" that was allegedly being traded by Adams. Adams claims he was discriminated against because he is a disabled black man.

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following counts:

> **Count 1:** First Amendment claim against Ashmore for issuing Adams a false disciplinary ticket and placing him in segregation in retaliation for filing a grievance and a lawsuit.
>
> **Count 2:** Fourteenth Amendment racial discrimination claim against Ashmore for issuing Adams a false disciplinary ticket and placing him in segregation because he is disabled and an African American.
>
> **Count 3:** Fourteenth Amendment claim against Ashmore for issuing Adams a false disciplinary ticket and placing him in segregation without due process.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

### Count 1

Adams has sufficiently pled a retaliation claim. *See Holleman v. Zatecky,* 951 F. 3d 873, 878 (7th Cir. 2020).Thus, Counts 1will proceed against Ashmore.

### Count 2

Racial discrimination by state actors violates the Equal Protection Clause of the Fourteenth Amendment unless it is narrowly tailored to serve a compelling state interest. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To state an equal protection claim, a plaintiff must establish that a state actor has purposely treated him differently than persons of another race. *Id.* The Equal Protection Clause also prohibits the singling out of a person for different treatment for no rational reason. To state a class-of-one equal protection claim, an individual must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Adam's claims that he did not engage in illicit trading of food and that he was discriminated against because he is a "disabled black man." (Doc. 1, p. 5). He states that he was "the only one sent to segregation and wrote up." These allegations could support a racial discrimination claim or a class-of-one claim if the different treatment was in fact intentional. Accordingly, Count 2 will proceed against Ashmore.

### Count 3

"The Due Process Clause of the Fourteenth Amendment applies only to deprivations of life, liberty, and property." *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). When an inmate raises a procedural due process claim based on a false disciplinary ticket and the related disciplinary proceedings, the Court undertakes a two-part analysis. *Id.* The Court first evaluates whether the prisoner was deprived of a protected liberty interest, and then second, evaluates whether the process he was afforded was constitutionally deficient. *Id.* (citing *Hess v. Bd. of Trs.*

*of S. Ill. Univ.,* 839 F.3d 668, 673 (7th Cir. 2016)).

Generally, prisoners "do not have a liberty interest in avoiding brief periods of segregation, whether administrative or disciplinary." *Smith v. Akpore*, 689 F. App'x 458, 460 (7th Cir. 2017). *See also Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). A protected liberty interest is triggered only when the segregation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Lisle v. Welborn,* 933 F.3d 705, 721 (citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)). *See also Miller v. Dobier*, 634 F.3d 412, 414–15 (7th Cir. 2011).

Here, Adams does not include any details about the length of time served or conditions of his confinement while in segregation. Because he does not assert that he endured exceptionally harsh conditions or was held in segregation for an extended period of time, Adams has failed to assert a due process claim against Ashmore for issuing him a false disciplinary ticket and placing him in segregation. Count 3 is dismissed without prejudice.

## MOTION FOR RECRUITMENT OF COUNSEL

Adams has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 4). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Adams states that, in an attempt to recruit counsel on his own, he has sent out a single letter to three attorneys at the law firm Loevy & Loevy. He does not provide any additional information, such as dates when the letter was sent, the names of the attorneys, or whether a response was received. Accordingly, he has failed to provide sufficient information for the Court to determine

if he has made a reasonable effort to obtain counsel on his own, and so, Adams has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). Should Adams choose to move for recruitment of counsel at a later date, the Court directs him to include in the motion the names and address of at least three attorneys he has contacted, and if available, attach the letters from the attorneys who declined representation.

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNTS 1** and **2** will proceed against Ashmore. **COUNT 3** is **DISMISSED without prejudice**.

The Motion for Recruitment of Counsel (Doc. 4) is **DENIED.**

The Clerk of Court shall prepare for **Ashmore** the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Adams, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant only need to respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Adams and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Adams is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 29, 2022**

                                                     *s/Stephen P. McGlynn*
                                                     **STEPHEN P. MCGLYNN**
                                                     **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.