IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT C. ADAMS,           ) | |
|                            ) | |
|     Plaintiff,             ) | |
|                            ) | |
|     v.                     ) | Case No. 21-cv-817-RJD |
|                            ) | |
| JOSHUA ASHMORE,            ) | |
|                            ) | |
|     Defendant.             ) | |
|                            ) | |

**ORDER**

**DALY, Magistrate Judge:**

      This matter is before the Court for case management purposes. Plaintiff filed this suit *pro se* on July 15, 2021 (Doc. 1). At that time, he was incarcerated within the Illinois Department of Corrections (Doc. 1). Plaintiff's claim against Defendant Ashmore was allowed to proceed following the Court's threshold review conducted pursuant to 28 U.S.C. §1915A (Doc. 19). The Court entered an initial Scheduling Order on July 19, 2022, setting a deadline of September 21, 2022 for dispositive motions regarding Plaintiff's exhaustion of administrative remedies (Doc. 30). On August 29, 2022, Plaintiff informed the Court that he was out of IDOC on parole and provided the Court with his new address (Doc. 31). Plaintiff also told the Court that he "could not respond by mail at this time" (*Id.*). However, in the next six weeks he addressed and mailed two motions to the Court (Doc. 35 and 37). One of those motions-filed on September 21, 2022-requested an extension of time to file or respond to motions regarding the exhaustion of administrative remedies (Doc 35). The Court denied the motion as moot, as it had just recently modified the deadline pursuant to motion by Defendant (Docs. 34 and 36). On September 30, 2022, the Clerk of Court

mailed a copy of this Order to Plaintiff's address.

Plaintiff's subsequent motion-filed on October 11, 2022-was titled a "Motion for Status" and informed the Court that he was currently a patient at Mercy Hospital (Doc. 37).  However, he did not provide the Court with any information regarding *which* Mercy Hospital or the address or how long he anticipated staying at Mercy Hospital.  This motion remains pending.

Defendant filed his Motion for Summary Judgment regarding exhaustion on November 18, 2022, mailing it to Plaintiff's address of record (Docs. 40 and 41).  Defendant also filed and sent to Plaintiff the requisite notice to pro se litigants, informing Plaintiff of the consequences of failing to respond to the motion (Doc. 42).

On November 29, 2022, the USPS returned to the Court the Order mailed to Plaintiff on September 30, 2022, noting that it was   as "undeliverable" and "attempted-not known-unable to forward" (Doc. 43).  The Court entered a Show Cause Order, noting that Plaintiff had previously been warned on two occasions that his failure to update his address with the Court would result in the dismissal of this case (Doc. 44; *see also* Docs. 7 and 19).  Plaintiff was ordered "to file a pleading with the Court" on or before December 30, 2022 "that explains why he has not updated his address with the Court"; Plaintiff was warned "that his failure to comply with this Order may result in the dismissal of this matter with prejudice."  (Doc. 44).  The Clerk of Court mailed the Show Cause Order to Plaintiff's address of record on December 12, 2022.  Plaintiff's deadline for responding to Defendant's Motion for Summary Judgment was December 18, 2022;  Plaintiff never responded.

This Court has the "inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute."  *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000).  Dismissal of the matter with prejudice is appropriate after the Court has warned the plaintiff

accordingly (though such a warning is not necessarily required, depending on the nature of the plaintiff's conduct). *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) (internal citations omitted). As of the date of this Order, nine calendar days have passed since Plaintiff's response to the Show Cause Order was due. It appears to the Court that for at least two months, Plaintiff has not been residing at his address of record and has not communicated his move to the Court. The Court warned Plaintiff that failure to comply with the show cause order may result in dismissal of this matter with prejudice (Doc. 44). The Court recognizes that Plaintiff probably did not receive that Order (mailed to an address at which he apparently no longer resides), which illustrates why it is so important that litigants update their address with the Court-and why Plaintiff was previously warned on two occasions that the failure to update his address would result in the dismissal of this suit (Docs. 7 and 19). Consequently, this matter is DISMISSED WITH PREJUDICE. All pending motions are denied as MOOT. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   January 9, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**